**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Morales, | No. CV-20-00281-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Cynthia T Kuhn, et al., | |
| Defendants. | |

On July 1, 2020, Plaintiff Jorge Morales filed a Complaint for Violation of Civil Rights, alleging constitutional violations under 42 U.S.C. § 1983 (Doc. 1), and an Application to Proceed In Forma Pauperis ("IFP") (Doc. 2). The Court will grant the IFP application and dismiss the Complaint.

## I. IFP APPLICATION

Generally, parties who file an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, 28 U.S.C. § 1915 permits indigent plaintiffs to apply for a fee waiver. Before granting a plaintiff leave to proceed in forma pauperis, the Court must decide whether the litigant is truly unable to pay filing fees. 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). Good cause appearing, the Court will grant the Application for Leave to Proceed in Forma Pauperis. (Doc. 2.)

## II. STATUTORY SCREENING OF IFP COMPLAINT

Even if the Court finds that a litigant is unable to pay, it has an additional, statutory obligation to screen a complaint before it may be served. 28 U.S.C. §

1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Additionally, a district court must screen and dismiss actions filed by a plaintiff proceeding in forma pauperis if the action "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B), or fails to plead a cognizable legal theory, *Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

District Court screening orders apply the same standard as applied to a Federal Civil Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

If the plaintiff "fails to state a claim on which relief may be granted," the district court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir.

1    2000).

2    **III.   FACTUAL ALLEGATIONS**

3            Plaintiff's Complaint arises from a state court contract dispute against Defendants

4    Allstate Fire & Casualty Insurance Company ("Allstate") and Tucson Federal Credit

5    Union ("TFCU"). (Doc. 1 at 5.) Plaintiff alleges he opened linked accounts at TFCU,

6    where one account was supposed to cover any overdraft charges accrued in the other

7    account. (*Id.* at 6.)   Then, in October of 2014, Plaintiff entered into a car insurance

8    contract with Draper Insurance Services ("Draper") who handled his Allstate Insurance

9    policy. (*Id.*)

10           In February 2015, Plaintiff alleges he told TFCU about his recurring premium

11   payment to Allstate. (*Id.*) But, TFCU had unlinked his accounts, and since his primary

12   account did not have sufficient funds, his insurance premium was unpaid and was now

13   subject to an increased premium. (*Id.*) Plaintiff alleges that TFCU continued to allow

14   Allstate to withdraw funds from his account even after he asked TFCU to decline the

15   charges, and this allowed Allstate to erroneously remove money from his account. (*Id.* at

16   7-8.)

17           Plaintiff filed a lawsuit against Allstate and TCFU in state court January 17, 2018.

18   (*Id.* at 7.) Judge Cynthia Kuhn granted Allstate's motion to dismiss and awarded Allstate

19   attorney's fees. (*Id.*) Judge Kuhn then granted summary judgment on April 26, 2019 in

20   favor of TCFU; this judgment issued on July 16, 2019. (*Id.*) However, the Arizona Court

21   of Appeals would not consider Plaintiff's appeal until the state court issued a formal

22   judgment. (*Id.*) However, the judgment and the state court record was not timely

23   delivered to the state court of appeals, and Plaintiff blames the Pima County Clerk of

24   Court, the judge, and TFCU for the failure. (*Id.*) Plaintiff claims that because the record

25   and judgment were not filed, his appeal was dismissed. (*Id.*) Plaintiff also alleges he

26   requested final judgment from the state court, but the court did not issue final judgment

27   until November 28, 2019, long after the court of appeals had set a deadline to submit the

28   judgment. (*Id.*) This prevented Plaintiff from being able to go to trial and challenge

dismissal in the appellate court. (*Id.*)

A review of the state court docket shows the record and judgement was transmitted to the court of appeals on February 2, 2020. *Morales v. Allstate Fire & Casualty Ins. Co.* ("*Morales* State Case"), Case No. C20180254 (Ariz. Feb. 11, 2020). Plaintiff's appeal had already been dismissed on November 20, 2019. *Morales v. Allstate Fire & Casualty Ins. Co.* ("*Morales* Appellate Case"), Case No. 2019-04096 (Ariz. App. Nov. 20, 2019). Plaintiff filed the instant federal case on July 1, 2020. (Doc. 1.)

## IV. DISCUSSION

### a. PIMA COUNTY SUPERIOR COURT JUDGE CYNTHIA KUHN

Plaintiff raises allegations against Judge Kuhn in her official capacity claiming dismissal was improper. (Doc. 1 at 2, 7.) However, judges have immunity from suit for decisions made in their judicial capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges . . . are absolutely immune from damage liability for acts performed in their official capacities."); *see also Partington v. Gadan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A complaint is frivolous if it is grounded in "an indisputably meritless legal theory . . . [such as] claims against which it is clear that the defendants are immune from suit." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Therefore, Plaintiff's claim is frivolous and must be dismissed with prejudice.

### b. CLERK OF THE PIMA COUNTY SUPERIOR COURT GARY ANDERSON

Plaintiff's next claim for relief alleges that the Clerk of the Pima County Superior Court, Gary L. Anderson, failed to timely file the judgment in the state contract case in the appellate court. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Immunity is not lost because the clerk of court makes a mistake or fails to carry out his duties, even when it results in "grave procedural errors." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Because Mr. Anderson has absolute quasi-judicial immunity in this instance,

1  and amendment would be futile, the claims against him are dismissed with prejudice. *See*

2  *Neitzke*, 490 U.S. at 327.

3          **c. ATTORNEYS AND LAW FIRMS**

4       Petitioner briefly mentions attorneys and law firms that are involved in this

5  matter.[1] It is unclear how these attorneys have committed a violation of Plaintiff's

6  constitutional rights, Plaintiff alleges only that these law firms somehow delayed the

7  service of his records to the court of appeals. There is no information as to who these

8  attorneys represent, or how their actions or lack thereof are violations of Petitioner's

9  constitutional rights. Moreover, there is no allegation that these attorneys and law firms

10  are state actors. To avoid dismissal, Rule 8 does not require detailed factual allegations,

11  but "it demands more than an unadorned, the defendant unlawfully-harmed-me

12  accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Due to the lack of a factual

13  basis connecting these Defendants to any alleged constitutional violation, these

14  Defendants will be dismissed.

15         **d. ALLSTATE FIRE AND CASUALTY INSURANCE CO. AND TUCSON FEDERAL**

16            **CREDIT UNION**

17       "[A] United States District court has no authority to review final judgments of a

18  state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,

19  482, (1983); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 24-25 (1987); *Bates v. Jones*, 131

20  F.3d 843, 863 (9th Cir. 1997) (a challenge to a state-court judicial decision is not

21  reviewable by the federal courts, but a constitutional challenge to a state court rule is

22  reviewable); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The Court cannot

23  relitigate Plaintiff's substantive claims against Allstate and TFCU. *See Feldman*, 460

24  U.S. at 482. Plaintiff's challenge is more appropriately raised in the state appellate court.

25  *See id*. Since the allegations against these Defendants raise no constitutional issues and

26  review is precluded by this Court, they must be dismissed.

27  
28  
[1] Plaintiff names the Law Offices of Herman, Goldstein & Woods and Gordon, Rees, Scully, Mensukhani, L.L.P., as well as individual attorneys David L. O'Daniel and Hesam Alagha. (Doc. 1 at 4.) Plaintiff subsequently changed the first named law office to Goldstein, Woods, & Alagha.

1    **V.    PLAINTIFF'S § 1983 CLAIM**

2        Plaintiff claims that dismissing his claims upon summary judgment deprived him

3    of a jury trial, and the subsequent failure to file the state court record in the appellate

4    court resulted in the dismissal of his claims at the appellate level. (Doc. 1 at 7.)

5        Plaintiff has not pleaded facts suggesting that he was denied an opportunity to

6    oppose summary judgment, the motion to dismiss, or any of Allstate or TFCU's motions

7    for that matter. In fact, the Court takes judicial notice that Plaintiff did oppose both

8    Allstate's motion to dismiss and TFCU's summary judgment motion. *See Morales* State

9    Case, No. C20180254 (Opposition MTD filed July 1, 2019; Opposition to MSJ filed Nov.

10   4, 2019). "The court may judicially notice a fact that is not subject to reasonable dispute

11   because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can

12   be accurately and readily determined from sources whose accuracy cannot reasonably be

13   questioned." Fed. R. Evid. 201(b).  This Court may judicially notice the state court's

14   orders and judicial proceedings.  *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (judicial

15   notice of another tribunal's proceedings or orders acceptable). There is also no

16   explanation why Plaintiff believes he was entitled to a jury trial for claims that were

17   dismissed because they failed to raise a genuine issue of material fact entitling him to

18   relief or how dismissal of a non-meritorious claim violated his constitutional rights.

19       The Court also takes judicial notice of the fact that when the Court of Appeals

20   remanded this case back to the superior court to obtain a proper judgment, it also directed

21   Plaintiff to file a status report on the pending judgment. *Morales* Appellate Case, No.

22   2019-04096 (Order Sept. 10, 2019).  Petitioner did not file a status report by the deadline,

23   and his case was dismissed for failure to comply with a court order. *Morales* Appellate

24   Case, No. 2019-04096 (Order Oct. 2, 2019).  The onus was on Plaintiff to keep the state

25   appellate court abreast of the procedural posture of the state case, and his failure to do so

26   caused dismissal, not any action or inaction of Defendants.

27       Plaintiff has not pleaded a viable 42 U.S.C. § 1983 claim against any of the named

28   Defendants. As such, this matter will be dismissed. However, if Plaintiff believes he can

overcome the substantial hurdles presented in his Complaint, he may choose to amend. The Court recognizes that Plaintiff is not represented by counsel in this matter. The Court would like to inform him of a possible resource to aid him in litigating his Complaint. Plaintiff is advised that Step Up to Justice (http://www.stepuptojustice.org/) offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed.

Accordingly, IT IS ORDERED:

1. Plaintiff Jorge Morales' Application to Proceed In Forma Pauperis is GRANTED. (Doc. 2).

2. Plaintiff's Complaint for Violation of Civil Rights alleging constitutional violations under 42 U.S.C. § 1983 is DISMISSED with leave to amend. (Doc. 1).

3. The Hon. Cynthia Kuhn and Pima County Clerk of the Superior Court Gary L. Anderson are DISMISSED WITH PREJUDICE, all other Defendants are DISMISSED WITHOUT PREJUDICE.

4. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order in compliance with the terms of this Order.

5. If Plaintiff fails to file a First Amended Complaint within thirty (30) days of the

1   date of this Order, the Clerk of Court shall, without further notice, enter a

2   judgment dismissing this case with prejudice.

3   Dated this 4th day of August, 2020.

Honorable Raner C. Collins
Senior United States District Judge